UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEITH W. MCKENZIE and PAULETTE L. MCKENZIE,<br>Plaintiffs,<br><br>v.<br><br>OPTION ONE MORTGAGE,<br>HSBC BANK USA NATIONAL ASSOCIATION, as Trustee<br>For ACE SECURITIES CORP. HOME EQUTIY LOAN<br>TRUST, SERIES, 2004 OPI ASSET BACKED PASS<br>THROUGH CERTIFICATES, OCWEN, ORLANS PC and<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC. et al.,<br>Defendants. | CIVIL ACTION<br>No. 18-40123-TSH |

### MEMORANDUM OF DECISION AND ORDER PLAINTIFFS' EMERGENCY MOTION FOR TRO
**July 24, 2018**

HILLMAN, D.J.

### Background

Keith W. McKenzie and Paulette L. McKenzie ("Plaintiffs" or "McKenzies") have filed a *pro se* verified Complaint and Request for Injunctive Relief (Docket No. 1) against Option One Mortgage ("Option One"), HSBC Bank USA National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust series 2004 OPI asset-backed pass through certificates ("HSBC"), Ocwen ("Ocwen"), Orlans PC ("Orlans") and Mortgage Electronic Registration Systems, Inc. ("MERS") alleging claims for: violation of Mass.Gen.L. ch. 244, §14 (the Massachusetts Foreclosure under Power of Sale)(against HSBC and Orlans—Counts One and Seven), violation of Mass.Gen.L.ch. 184, § 18 (preventing recovery of possession of land or

tenements other than through action brought pursuant to Mass.Gen.L. or other lawfully authorized proceeding)(against HSBC and Orlans—Counts Two and Eight), Breach of Good Faith and Reasonable Diligence (against HSBC and Orlans)(Counts Three and Nine), Trespass (against HSBC and Orlans)(Counts Four and Ten), violation of the Fair Collection Practices Act, 15 U.S.C. § 1692g (against HSBC and Orlans—Counts Five and Eleven), and Unfair Debt Collection Practices in violation of 15 U.S.C. § 1692f (against HSBC and Orlans—Counts Six and Twelve).

According to the Complaint, Option One held a mortgage on the Mckenzies' property at 32 Edgewater Avenue, Shrewsbury, Massachusetts ("Property")[1]. Sometime after April 21, 2010, the mortgage was assigned to HSBC. HSBC foreclosed on the Property on October 16, 2016. The McKenzies do not believe that the foreclosure was conducted in accordance with applicable law and assert that one or more of the Defendants engaged in deceptive debt collection practices prior to the foreclosure.[2] The McKenzies seek a judgment invalidating the foreclosure, damages, costs and attorneys' fees. They request a permanent injunction prohibiting the current holder of the Property from listing, reselling, closing or otherwise consummating the sale of the Property.

This Order addresses Plaintiffs' Motion For TRO (Docket No. 6). For the reasons set forth below, the motion is *denied*.[3]

---

[1] In their Complaint, the Plaintiffs state that they "own" the property at 32-34 Edgewater Avenue in Shrewsbury, Massachusetts and granted a mortgage in favor of Option One as to that property. However, they seek relief only as to real property located at 32 Edgewater Avenue, Shrewsbury, Massachusetts. For purposes of this Order, I have adopted the Plaintiffs' definition of the "Property," that is, the Property includes only the real property located at 32 Edgewater Avenue, Shrewsbury, Massachusetts.

[2] Although Plaintiffs name Option One, HSBC, Orlans, Ocwen and MERS in their Complaint, they only assert claims against HSBC and Orlans.

[3] Since the Plaintiffs' are proceeding *pro se*, the Court must construe their pleadings liberally. However, Plaintiffs' *pro se* status does not excuse them from compliance with this Court's procedural requirements.

**Discussion**

Plaintiffs seek a temporary restraining order ("TRO") enjoining them from being evicted from the Property while the Court reviews their Complaint. It does not appear that the Plaintiffs have served a copy of their motion on the Defendants and therefore, I will assume that they are seeking a TRO, without notice, pursuant to Fed.R.Civ.P. 65 (b)(1)[4]. In evaluating a motion for a TRO, the Court considers the same four factors that apply to a motion for preliminary injunction, that is: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In order to satisfy the first factor, *i.e.,* a likelihood of success on the merits, Plaintiffs must establish that they are likely to prevail on one or more of their claims. Plaintiffs have failed

---

[4] Rule 65(b)(1) provides that a TRO may be issued without notice to the adverse party or its attorney if (1) the specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard, *and* (2) the movant certifies in writing any efforts to give notice and the reasons why it should not be required. I do not find that Plaintiffs have met their burden of establishing that notice to the Defendants was not required in this case as they have not certified in writing that they attempted to give notice to the Defendants, and explained why it should not be required. For that reason alone, their motion for TRO must be denied. Nonetheless, I will briefly address whether Plaintiffs have established their right to a TRO on the merits.

to meet this burden. First, in their motion for a TRO, Plaintiffs request that this Court enjoin their eviction from the Property. However, this relief is not requested in their Complaint and is likely not a form of relief available to them under any of their asserted claims. Additionally, while Plaintiffs assert that they reside at the Property, the Court cannot determine from their Complaint or their motion for TRO who holds title over the Property subsequent to the foreclosure proceedings. Moreover, the Court has no information concerning the alleged eviction of the Plaintiffs, *i.e.,* the date, the basis for the eviction, the party seeking the eviction[5], and whether eviction proceedings are underway in another forum. Under the circumstances, even if I were to assume Plaintiffs' request to enjoin their eviction falls within the scope of the claims asserted in their Complaint (a dubious proposition), given the complete lack of information available concerning the alleged eviction action, they have not shown a likelihood of success on the merits. While this essentially ends the inquiry, for the record I also find that while the Plaintiffs have established irreparable harm should the foreclosure go forward, they have not established that the equities are in their favor or that public policy favors the issuance of a TRO. For the reasons set forth above, Plaintiffs' motion is denied.

## Conclusion

The Emergency Motion For TRO (Docket No. 6) is ***denied***.


*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[5] It is not clear from the record before me whether the person allegedly seeking to evict the Plaintiffs is even a party to this action.