**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KEITH W. MCKENZIE & PAULETTE L. MCKENZIE,<br><br>                    Plaintiffs,<br><br>v.<br><br>OPTION ONE MORTGAGE, HSBC, AS TRUSTEE BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004 OPI ASSET BACKED PASS THROUGH CERTIFICATES, OCWEN, ORLANS PC MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.  et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 4:18-CV-40123-TSH |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY OPTION ONE MORTGAGE, HSBC, AS TRUSTEE BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004 OPI ASSET BACKED PASS THROUGH CERTIFICATES AND OCWEN LOAN SERVICING, LLC**

**I. INTRODUCTION**

Plaintiffs, Keith and Paulette McKenzie ("Plaintiffs"), assert a litany of baseless claims against Defendants Option One Mortgage Corporation ("Option One"), HSBC, as Trustee Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004 OPI Asset Backed Pass-Through Certificates ("Trustee"), Ocwen Loan Servicing, LLC ("Ocwen"), Orlans Moran LLP ("Orlans Moran"), and Mortgage Electronic Registration Systems, Inc. in an effort to void the foreclosure sale of the property located at 32-34 Edgewater

Ave., Shrewsbury, Massachusetts. None of the Plaintiffs' allegations state a claim upon which relief can be granted and should be dismissed in short order.[1]

In particular, Massachusetts courts uniformly reject Plaintiffs' claim that their Mortgage was accelerated and obsolete at the time of the foreclosure. Plaintiffs' argument that they did not receive the Notice of Sale likewise fails because Massachusetts law provides that service is perfected upon mailing the notice and does not require proof of receipt. Plaintiffs' claim that Trustee trespassed fails because Massachusetts law permits entry for the purpose of effectuating a lawful foreclosure sale. Plaintiffs' FDCPA claims are time-barred, and none of Plaintiffs' allegations demonstrate a violation of the duty of good faith and reasonable diligence. Not one of Plaintiffs' theories states a claim upon which relief can be granted, and the Court should dismiss the Complaint.

## II. STATEMENT OF ALLEGATIONS

The following facts are alleged in the Complaint or set forth in documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint. *See Wilborn v. Walsh*, 584 F. Supp. 2d 384, 386 (D. Mass. 2008) (quoting *Watterson v. Page*, 897 F.2d 1, 3-4 (1st Cir. 1993)).

Plaintiffs owned and resided on property located at 32-34 Edgewater Ave., Shrewsbury, Massachusetts (the "Property"). (*See* Compl., Doc. No. 1 at ¶¶ 1, 4). In January of 2004, Plaintiffs gave a mortgage to Option One, which is recorded at the Worcester County Registry of Deeds at Book 32681, Page 225 (the "Mortgage"). (*Id.* at ¶ 4.) The transaction documents

---

[1] Although identified as defendants in the allegations, Plaintiffs do not assert any causes of action against Option One or Ocwen, and the Complaint should be dismissed as to them for failure to state a claim. Nevertheless, Trustee's legal arguments apply equally to Ocwen and Option One, and the Complaint fails to state a claim against these purported defendants.

memorializing the mortgage loan reflect that Plaintiff Keith McKenzie executed a Note in favor of Option One in the original principal amount of $572,000.00 (the "Note") on January 15, 2004.[2] (*See* Note attached as Exhibit A). On the same date, Plaintiffs executed a Mortgage encumbering the Property to secure repayment of the Note. (*See* Compl., Doc. No.1 at ¶¶ 4-5; Mortgage attached as Exhibit B).[3] After April 21, 2010, Sand Canyon Corporation, f/k/a Option One, assigned the mortgage to Trustee. (Compl., Doc. No. 1 at ¶ 5.) Record title demonstrates that Trustee presently holds the Note. (*See* Affidavit of Noteholder, attached as Exhibit C).[4]

On May 28, 2008, Option One sent Keith McKenzie a Notice of Default ("Notice of Default") stating that the Note was in default due to the non-payment of the April 1, 2008 payment. (*See* Compl., Doc. No. 1 at ¶ 8 & Ex. 4). On December 11, 2012, Trustee filed a Complaint to Determine Military Status against the Plaintiffs in the Massachusetts Land Court. (*Id.* at ¶ 10 & Ex. 6). The Land Court docket demonstrates that, on September 5, 2013, judgment entered that the Plaintiffs were not entitled to benefits under the Servicemembers Civil Relief Act. (*See* Land Court Docket and Judgment attached as Exhibit D).[5]

Plaintiffs allege that they learned from their son on or about October 1, 2016, who learned from a neighbor, that a public auction was scheduled for October 6, 2016. (Compl., Doc. No. 1 at ¶ 15.) The auction was not held on October 6, as published, but was held on October 13, 2016. (*Id.* at ¶ 16.) Plaintiffs, who were present for the auction, asked the auctioneer, Seth Woolard to leave the property, and Woolard moved to the side of the Property beyond a

---

[2] The Court is permitted to consider the Note as it is fairly referenced in, and central to, the Complaint.
[3] The Court is permitted to consider the Mortgage as it is a public record and is fairly referenced in, and central to, the Complaint.
[4] The Court is permitted to consider the affidavit as it is a public record.
[5] The Court is permitted to consider the Land Court docket and judgement as it is a public record and is fairly referenced in, and central to, the Complaint.

decorative fence. (*Id.* at ¶ 17; Certificate of Entry attached as Exhibit E.)[6] The bank representative, Christine Parcher, remained on the street. (Compl., Doc. No. 1 at ¶ 17). According to Plaintiffs, a few prospective bidders asked specific questions concerning the Property and chose not to bid. (*Id.*)

Ocwen's records reflect that it sent Plaintiffs a Pre-Sale Notice Letter by certified mail on September 6, 2016 stating that the Property would be sold at a foreclosure sale on October 6, 2016 and attaching the Notice of Sale that would be published in the Worcester Telegram & Gazette. (*See* Pre-Sale Notice Letters attached as Exhibit F).[7] The Notice of Sale was published in the Worcester Telegram & Gazette on September 15, 22, and 29, 2016. (*See* Compl. at Ex. 10; Foreclosure Deed and Affidavit of Sale, attached as Exhibit G).[8] The foreclosure sale was postponed by proclamation until October 13, 2016. (*See* Compl., Doc. No. 1 at ¶¶ 14, 16.) Trustee purchased the Property at the foreclosure sale for $210,000.00. (*See* Exhibit G).

On July 23, 2018, the Plaintiffs filed the Complaint and a motion requesting a temporary restraining order to prevent Trustee from evicting the Plaintiffs from the Property, which the Court denied.

### III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to FRCP 12(b)(6), courts "take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff." *Watterson v. Page*, 987 F.2d at 3. A plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

---

[6] The Court is permitted to consider the Certificate of Entry as it is a public record.
[7] The Court is permitted to consider the Pre-Sale Notice Letters because they are fairly referenced in, and central to, the Complaint.
[8] The Court is permitted to consider the Notice of Sale as it is a public record and is fairly referenced in, and central to, the Complaint.

4

*v. Twombly*, 550 U.S. 544, 570 (2007)). However, a plaintiff is required to make more than mere "threadbare recitals" of the elements of a cause of action or conclusory assertions of truth in order to survive a motion to dismiss. *Id.* A complaint should be dismissed if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## IV. LEGAL ARGUMENT

Plaintiffs' Complaint asserts a host of unsubstantiated claims in connection with the foreclosure sale of the Property, all of which fail to challenge the validity of the foreclosure or otherwise state a claim for which relief can be granted.

### I. The Mortgage Is Not Obsolete Under Massachusetts Law[9]

Plaintiffs allege that the Notice of Default accelerated the Note, and in turn the Mortgage, which caused the Mortgage to become obsolete five years after the accelerated maturity date under Massachusetts' obsolete mortgage statute, G.L. c. 260, § 33, and voided the foreclosure sale.[10] (Compl., Doc. No. 1, ¶¶8-10.) Plaintiffs' argument fails as a matter of law.

The obsolete mortgage statute provides, in relevant part: "A power of sale in any mortgage of real estate shall not be exercised . . . nor proceeding begun for foreclosure of any such mortgage after the expiration of, . . . in the case of a <u>mortgage in which the term or maturity date of the mortgage is stated</u>, 5 years from the expiration of the term or from the maturity date, unless an extension of the mortgage . . . is recorded before the expiration of such period." G.L. c.

---

[9] This argument is not set forth under a separate count; rather, Plaintiffs set forth the argument in their statement of Jurisdiction. (Compl., Doc. No. 1, at p. 2-3.)

260, § 33 (Emphasis added). Massachusetts courts have universally rejected Plaintiffs' theory that accelerating a note triggers acceleration of the corresponding mortgage to apply the obsolete mortgage statute. S*ee, e.g., Harry v. Countrywide Home Loans, Inc.*, 2018 U.S. App. LEXIS 23847, at *4 (1st Cir. 2018); *Estate of Junior v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 55534, at **1-2 (D. Mass. March 30, 2017) (Stearns, J.); *Perreira v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 163621, at **7-8 (D. Mass. Nov. 28, 2016) (Sorokin, J.); *Harry v. Countrywide Home Loans, Inc.*, 215 F. Supp. 3d 183, 187 (D. Mass. 2016) (Gorton, J.); *Murphy v. HSBC, as Trustee Bank USA, N.A.*, 2016 U.S. Dist. LEXIS 135977, at **8-10 (D. Mass. Sept. 30, 2016).

Most recently, the First Circuit affirmed dismissal of an obsolete mortgage statute claim where the borrowers alleged that DiTech, then acting as mortgage loan servicer, instituted an illegal foreclosure more than five years after DiTech accelerated the maturity date of their note. *Harry*, 2018 U.S. App. LEXIS 23847, at *4.[11] The First Circuit concluded that there was no suggestion in the obsolete mortgage statute or through interpreting case law that "acceleration of the note has any impact on the limitations period for a mortgagee's right to foreclose." *Id.*

Here, Plaintiffs allege that acceleration of the Note acted as a trigger to the acceleration of the Mortgage. (Complaint, Doc. No. 1 at ¶¶ 8-9.) First, the express terms of the Notice of Default did not automatically accelerate the loan and instead provided: "If you do not cure this default by the Cure Deadline, the entire unpaid balance of the loan <u>may</u> be accelerated and

---

[11] Plaintiffs' argument implicitly relies on the Massachusetts Supreme Judicial Court's decision in *Deutsche Bank National Trust Company v. Fitchburg Capital, LLC*, 471 Mass. 248, 253 (2015). In that case, the mortgages at issue only set forth maturity dates of the underlying notes. The Court held that, for the purposes of the obsolete mortgage statute, a mortgage that only states the maturity date of the underlying debt is a "mortgage in which the maturity date of the mortgage is stated," subject to the 5-year limitation under G.L. c. 260, § 33. In *Harry v. Countrywide,* the First Circuit reviewed the *Fitchburg* decision in rejecting a nearly identical theory to Plaintiffs' claim here. 2018 U.S.App. LEXIS 23847 at *4. Plaintiffs incorrectly rely on *Fitchburg* for the proposition that the maturity date of the Mortgage is tied to the maturity date of the Note including when the Note is accelerated.

become due and payable immediately." (*See* Compl. at Ex. 4, p. 2). Second, even if the Note was accelerated, acceleration of the Note did not accelerate the Mortgage under Massachusetts law. Without any fact allegation to demonstrate acceleration of the Mortgage, Plaintiffs' claim fails as a matter of law.

## II.     Count I: Trustee Validly Foreclosed on the Property Under G.L. c. 244, § 14

Plaintiffs allege that the foreclosure sale was invalid because they did not receive Notice of Sale by registered mail 30 days prior to the sale date in violation of G.L. c. 244, § 14. This claim fails as a matter of law.

General Laws c. 244, § 14 prohibits foreclosure under statutory power of sale "unless . . . notice of the sale has been sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of sale .…" General Laws c. 244, § 14 "does not contain any requirement that the holder of the mortgage ensure that the mortgagor receives actual notice of the sale. By its terms, it requires only that the notice 'has been sent by registered mail' at the appropriate times and to the appropriate addresses." *Lindsey v. First Horizon Home Loans*, 2012 U.S. Dist. LEXIS 26707, **6-9 (D. Mass. March 1, 2012) (Saylor, J.) (citing *Hull v. Attleboro Sav. Bank*, 33 Mass. App. Ct. 18, 25, 596 N.E.2d 358 (1992) ("registered mail notice requirement is satisfied by mailing and nonreceipt is irrelevant.")).

In *Lindsey v. First Horizon Home Loans*, 2012 U.S. Dist. LEXIS 26707, at **6-9, the plaintiff claimed that the foreclosure was void because the mortgagee failed to comply with the notice-by-mail requirement on allegations that she never received the notice. In support of its motion to dismiss, the mortgagee submitted the letter it sent to the plaintiff, which showed the date the letter was sent and that it was sent by registered mail to the plaintiff's home address. Because the plaintiff did not contend that the address was wrong, Judge Saylor concluded that the mortgagee had satisfied the statute's notice-by-mail requirement as soon as the notice was

7

mailed and dismissed the plaintiff's claim. *Id.*; *see also Bailey v. Wells Fargo Bank, N.A., (In re Bailey)*, 468 B.R. 464 (Bankr. D. Mass. 2012) ("The law in Massachusetts is clear; the requirement that the notice be mailed to the owner of the relevant property is satisfied by mailing and nonreceipt is irrelevant."); *Silveira v. Wells Fargo Bank, N.A.* (In re Silveira), 2013 Bankr. LEXIS 1904, \*\*24-26 (Bankr. D. Mass. 2013); Real Estate Bar Association Title Standard 35 ("A foreclosure sale after September 14, 1975, is not defective of record if the mortgagee's affidavit recites that notice of the sale was given by registered or certified mail in compliance with M.G.L. c. 244, § 14, as amended . . . .").

On September 6, 2016, Ocwen mailed the Notice of Sale to the Plaintiffs by certified mail, return receipt requested,[12] 30 days prior to the original sale date of October 6, 2016, and 37 days from the re-scheduled sale date of October 13, 2016. (*See* Exhibit F; Exhibit G (attesting that Trustee "complied with Chapter 244, Section 14 of Massachusetts General Laws, as amended, by mailing the required notice by certified mail, return receipt requested.")). The allegations in this action demonstrate that Trustee satisfied the notice requirements of G.L. c. 244, § 14, as soon as it sent the Notice of Sale to the Plaintiffs by certified mail. There is no relevance or significance as to whether the Plaintiffs received notice, and as such Count I must be dismissed.[13]

### III.   Count II: A Lawful Foreclosure Sale Does Not Violate G.L. c. 184, § 18

Plaintiffs allege that the foreclosure is void because Trustee's entry was not peaceable and in violation of G.L. c. 184, § 18, which provides that "[n]o person shall make an entry into

---

[12] Registered mail includes certified mail. *See* G.L. c. 4, § 7.

[13] In light of the well-settled rule that a mortgagee discharges its notice obligation under G.L. c. 244, § 14 upon mailing, it makes sense to permit a mortgagee to produce copies of the mailed notices at the motion to dismiss stage, given that evidence of the mailing is exclusively in the mortgagee's possession, and is central to the complaint.

land or tenements except in cases where his entry is allowed by law, and in such cases he shall not enter by force, but in a peaceable manner."

Under Massachusetts law, a mortgagee can foreclose upon a mortgage in four ways: (1) foreclosure sale (G. L. c. 244, § 14); (2) peaceable entry, proper filing of a certificate memorializing that entry and passage of time (G. L. c. 244, §§ 1-2); (3) foreclosure by action (G. L. c. 244, §§ 1-2) and (4) a bill in equity. *See e.g., Santiago v. Alba Mgmt.*, 928 N.E.2d 359, 363 & n.6, 77 Mass. App. Ct. 46 (Mass. App. Ct. 2010); *Wornat Dev. Corp. v. Vakalis*, 529 N.E.2d 1329, 1332, 403 Mass. 340 (Mass. 1988) ("In Massachusetts, two primary foreclosure methods exist: foreclosure under a power of sale, G. L. c. 244, §§ 11-17, and foreclosure by entry and possession, G. L. c. 244, §§ 1, 2."); *Beaton v. Land Court*, 326 N.E.2d 302, 307-308, 367 Mass. 385 (Mass. 1975) (explaining requirements of foreclosure by sale, entry and action).

"The statutes governing a mortgage foreclosure under the power of sale, *see* G. L. c. 183, § 21, and G. L. c. 244, § 14 . . . do not prescribe the specific method by which a foreclosure sale should proceed."[14] *See 146 Dundas Corp. v. Chemical Bank*, 400 Mass. 588, 593 (1987). Nevertheless, "[t]he power of sale in the mortgage is very broad. It authorizes the mortgagee . . . to sell the granted premises at public auction on or near the premises. . . . [B]y reasonable implication it authorizes the mortgagee to adopt such terms of sale as are usual and necessary to execute it with effect. The power to do an act includes the power to do all such subordinate acts as are usually incident to or are necessary to effectuate the principal act in the best manner." *Id.*

One of the incidental powers that arises in connection with a foreclosure by sale is the mortgagee's right to make entry onto the Property, if necessary, to conduct a public auction,

---

[14] General Laws c. 183, § 21, requires that the sale be by public auction, but the statute does not provide the terms by which the auction should be conducted. General Laws c. 244, § 14, requires that the mortgagee publish notice of the sale, but the statute does not provide the required form of notice.

9

given that the sale would be void if it was not conducted "on or near" the premises pursuant to G.L. c. 183, § 21. *See Tamburello v. Monahan*, 73 N.E.2d 734, 735-736, 321 Mass. 445 (Mass. 1947) (sale not held "on or near the premises" as required by G. L. c. 183, § 21 is invalid). Accordingly, entry made onto to the property for the purposes of conducting a lawful foreclosure sale is necessarily an entry "allowed by law" under G.L. c. 184, § 18.

According to the Complaint, Trustee's representatives entered onto the Property for the sole purpose of conducting a foreclosure auction under the statutory power of sale. (Compl., Doc. No. 1 at ¶¶ 14-17.). As such, the allegations in the Complaint demonstrate Trustee's lawful purpose in entering the Property. Moreover, the fact that Plaintiffs disputed the debt owed and invoked their rights under the FDCPA does not mean that the entry was not "peaceable" under G.L. c. 184, § 18, primarily because Plaintiffs' FDCPA claims were time barred as of the date of the foreclosure sale (see below).[15] Indeed, Plaintiffs do not even allege that the entry was not "peaceable." Likewise, as alleged, the entry was peaceable because Trustee's agents respected the Plaintiffs' instructions and moved outside the decorative fence and stayed on the street. (*See* Compl., Doc. No. 1 at ¶ 17).

Finally, even if Trustee's entry was invalid, which it was not, such a finding would not invalidate the foreclosure because, unlike foreclosure under G. L. c. 244, §§ 1-2, which requires peaceable entry, proper filing of a certificate memorializing that entry and passage of time, foreclosure under the statutory power of sale does not require actual entry to be effectual. *Sunningdale Ventures, Inc. v. Martin*, 2018 U.S. Dist. LEXIS 55190, at *1 n.2 (D. Mass. March

---

[15] Under Massachusetts law, wrongful entry equates to the tort of trespass. *See* Dilbert v. Hanover Ins. Co., 825 N.E.2d 1071, 1077, 63 Mass. App. Ct. 327 (Mass. App. Ct. 2005) ("[T]respass equates to wrongful entry."). Because a mortgagee that lawfully forecloses pursuant to the statutory power of sale cannot be liable for trespass as a matter of law, *see Akar v. Fannie Mae*, 843 F. Supp. 2d 154, 169 (D. Mass. 2011), a mortgagee cannot be liable under G.L. c. 184, § 18 for wrongful entry by conducting a lawful foreclosure sale.

31, 2018) (foreclosure under a statutory power of sale and foreclosure by peaceable entry, recording a certificate of entry and maintenance of peaceable possession for three years after recordation, are independent grounds standing alone that support possession). For these reasons, Count II must be dismissed.

### IV. Count III: Trustee Did Not Breach the Duty of Good Faith and Reasonable Diligence

Plaintiffs claim that Trustee violated the duty of good faith and reasonable diligence owed to the Plaintiffs by (1) failing to give notice of the date and time of the foreclosure sale, (2) failing to provide Plaintiffs with any information about the debt Trustee claimed was due, and (3) allowing an unauthorized agent purchase the property at the foreclosure sale. These allegations fail to state a claim for breach of the duty of good faith and reasonable diligence as a matter of law. Under Massachusetts law, a mortgagee discharges its duty of good faith and reasonable diligence by complying with the statutory foreclosure requirements, *Dooling v. James B. Nutter & Co.*, 139 F. Supp. 3d 505, 516 (D. Mass. 2015), and making "reasonable efforts to sell the property for the highest value possible." *Mackenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 493 (1st Cir. 2013).

The Complaint's allegations and the documents fairly incorporated therein demonstrate that Trustee complied with all the statutory foreclosure requirements. Plaintiffs' argument that they did not receive the Notice of Sale or any information about the sale cannot form the basis for an alleged breach of the duty of good faith and reasonable diligence because, as described above, Trustee discharged its notice obligation upon mailing the Notice of Sale. Whether the Plaintiffs received the notices is irrelevant. Likewise, Plaintiffs' allegation that they did not receive any information about the debt contradicts their own allegation that they received the Notice of Default. (Compl., Doc. No. 1 at ¶ 8). Moreover, Plaintiffs' argument that Trustee's

agent, Seth Woolard, was not authorized to buy the Property fails because the Trustee ratified all of his actions. (*See* Exhibit H). Plaintiffs present no allegations to support any claim that Trustee did not make reasonable efforts to sell the Property for the highest possible price. Accordingly, Count III must be dismissed.

**V.     Count IV: A Valid Foreclosure Cannot Form the Basis of a Trespass Claim**

The Plaintiffs argue that Trustee is liable for trespass because its agents refused to leave the Property while conducting the foreclosure sale. "To support an action of trespass . . . it is necessary to prove the actual possession of the plaintiff, and an illegal entry by the defendant." *Akar v. Fannie Mae*, 843 F. Supp. 2d 154, 169 (D. Mass. 2011) (quoting *New England Box Co. v. C&R Constr. Co.*, 313 Mass. 696, 707, 49 N.E.2d 121, 128 (1943)). As discussed in connection with the Plaintiffs' wrongful entry claim under G.L. c. 184, § 18, Trustee had the legal authority to conduct the foreclosure sale on October 13, 2016. As such, Trustee's entry onto the Property for the purpose of carrying out the sale was legal and cannot constitute a trespass as a matter of law. *Akar*, 843 F. Supp. 2d at 169. Count IV must be dismissed.

**VI.    Counts V & VI: The Plaintiffs FDCPA Claims Are Time Barred**

Counts V and VI of the Complaint claim that Trustee violated the Fair Debt Collection Practices Act ("FDCPA") by (1) failing to include the required notices set forth in 15 U.S.C. 1692g in its May 28, 2008 Notice of Default Letter, and (2) failing to respond to the Plaintiffs' requests for information, which was an "unconscionable debt collection practice" in violation of 15 U.S.C. 1692f. Both of these claims are untimely and must be dismissed.

The FDCPA provides in relevant part:

> An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. 1692k(d) (emphasis added). In light of the FDCPA's one-year statute of limitation, Count V was time barred as of May 28, 2009, which was one year following the Plaintiff's receipt of the May 28, 2008 Notice of Default, which allegedly failed to include the necessary notices. Likewise, Count VI was time barred as of July 1, 2013, which was one year following the last letter the Plaintiff alleges he sent to Trustee on July 1, 2012 to which Trustee allegedly did not respond. (*See* Compl. ¶ 13). Accordingly, the Plaintiff's FDCPA claims are time barred and must be dismissed.

### VII. Count XIII: The Plaintiffs' Claim for Injunctive Relief Should be Denied

Plaintiffs allege in conclusory fashion that they "will suffer irreparable harm should Trustee be allowed to enforce the execution, or take any action to list, resell or close or otherwise consummating the sale of the [Property]." (Compl., Doc. No. 1 at ¶62). Without elaborating further, the Plaintiffs request that the Court grant a preliminary injunction or, alternatively, a permanent injunction. The Court should dismiss Count XIII because injunctive relief is a remedy and not a cause of action. *See, e.g.*, *Marzan v. Bank of America*, 779 F. Supp. 2d 1140, 1146 (D. Haw. 2011); *Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Ca. 2010); *In re Wellnx Marketing and Sales Practices Litigation*, 673 F. Supp. 2d 43, 53 (D. Ma. 2009); *Koufos v. U.S. Bank, N.A.*, 2013 WL 1189502, *2 (D. Ma. Mar. 21, 2013); *Payton v. Wells Fargo Bank, N.A.*, 2013 WL 782601, *6 (D. Ma. Feb. 28, 2013).

Courts routinely dismiss stand-alone causes of action to enjoin foreclosure because injunctive relief is a remedy and not recognized as a separate cause of action. *See*, *e.g.*, *Payton v. Wells Fargo Bank, N.A.*, 2013 WL 782601 at *6 (dismissing a borrower's stand-alone cause of action seeking to enjoin foreclosure because Massachusetts law does not recognized this separate cause of action); *Jensen*, 702 F. Supp. 2d at 1201 (dismissing *pro* se plaintiff's cause of action for

13

injunctive relief against foreclosure because "a separately pled claim or cause of action for injunctive relief is inappropriate").

Further, putting aside the absence of any basis to seek injunctive relief as a standalone cause of action, this Court has already determined that Plaintiffs are not entitled to injunctive relief. (Memorandum of Decision and Order, Doc. No. 7.) It necessarily follows that the Court should dismiss Count XIII for failure to state a claim.

## V. CONCLUSION

For the reasons stated above, the Plaintiffs' claims against Trustee must be dismissed for failure to state a claim upon which relief can be granted.

OPTION ONE MORTGAGE, HSBC, AS TRUSTEE BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004 OPI ASSET BACKED PASS THROUGH CERTIFICATES, AND OCWEN FINANCIAL CORPORATION
By: Its Attorneys

/s/ Robert M. Buchholz
Samuel C. Bodurtha, BBO #665755
Robert M. Buchholz, BBO #685804
HINSHAW & CULBERTSON LLP
53 State Street
27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)

Dated: August 31, 2018

**CERTIFICATE OF SERVICE**

      I, Robert M. Buchholz, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                /s/ Robert M. Buchholz
                                                  Robert M. Buchholz