# EXHIBIT A

Loan# 7143416464

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of **280,500.00**

**NOTE DATE:** JANUARY 15TH, 2004

**BORROWER NAME:** KEITH W MCKENZIE

**PROPERTY:** 32-34 EDGEWATER AVE, SHREWSBURY, MA 01545-5704

**PAY TO THE ORDER OF:**
HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004-OP1, ASSET BACKED PASS-THROUGH CERTIFICATES

**WITHOUT RECOURSE:**
HSBC BANK USA, AS TRUSTEE IN TRUST FOR THE REGISTERED HOLDERS OF ACE SERCURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004-OP1, ASSET BACKED PASS-THROUGH CERTIFICATES. *BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING, LLC*

*[signature]*

**ANTHONY AVILES**
Authorized Signer

Loan Number: 161030560        Servicing Number: 001257058-6        Date: 01/15/04

# NOTE

**ORIGINAL**

32-34 EDGEWATER AVE, SHREWSBURY, MA 01545-5704
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $280,500.00   (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
   Option One Mortgage Corporation, a California Corporation
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of  6.250% .
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   **(A) Time and Place of Payments**
   I will pay principal and interest by making payments every month.
   I will make my monthly payments on the first day of each month beginning on  March 01, 2004 .
   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on
   February 01      , 2034 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at   OPTION ONE MORTGAGE CORPORATION
   P.O. BOX 92103 LOS ANGELES, CA 90009-2103     or at a different place if required by the Note Holder.
   **(B) Amount of Monthly Payments**
   My monthly payment will be in the amount of U.S.   $1,727.09 .
   **(C) Application of Payments**
   Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
   If within  36 Months    from the date of execution of the Security Instrument I make a full prepayment or a partial prepayment, I will at the same time pay the Note Holder a prepayment charge. If I make a prepayment within the first year, for any reason, I will be required to pay the lesser of the balance of the first year's interest, or three (3) months' interest on the amount prepaid, computed at the interest rate in effect at the time of prepayment.
   Notwithstanding the foregoing, however, if I make a prepayment within the first year for the purpose of refinancing the loan with another financial institution, I will be required to pay an additional three (3) months' interest on the amount prepaid, computed at the interest rate in effect at the time of prepayment. If the loan is prepaid by refinancing with another financial institution from the 13 month to    36 Month    , the maximum penalty will be three (3) months' interest computed at the interest rate in effect at the time of prepayment. In no event will such a charge be made unless it is authorized by state or federal law.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   **(A) Late Charge for Overdue Payments**
   If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   3.000%   of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
   **(B) Default**
   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument.
   **(C) No Waiver By Note Holder**
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

MASSACHUSETTS FIXED RATE NOTE - Single Family
Page 1 of 2                                                          MANT0011.wp (12-21-01)

Loan Number: 161030560     Servicing Number: 001257058-6     Date: 01/15/04

**(D) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. SECURED NOTE**
In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
KEITH W MCKENZIE                                      -Borrower
SSN: 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

_____(Seal)
                                                      -Borrower
SSN:

_____(Seal)
                                                      -Borrower
SSN:

_____(Seal)
                                                      -Borrower
SSN:

_____(Seal)
                                                      -Borrower
SSN:

_____(Seal)
                                                      -Borrower
SSN:

*(Sign Original Only)*

Page 2 of 2                                          MANT0012.wp (12-21-01)

witness

Loan Number: 161030560           Servicing Number: 001257058-6           Date: 01/15/04

# ALLONGE TO NOTE
## (INVESTOR)

This allonge makes reference to the following Note:

Borrowers: KEITH W MCKENZIE
Loan #: 161030560
Property Address: 32-34  EDGEWATER AVE,  SHREWSBURY, MA 01545-5704
Loan Amount: $280,500.00

Note Date: 01/15/04

Therefore, in reference to the captioned note, the following applies:

Pay to the order of:                                                     Without Recourse

**HSBC Bank, USA as Trustee, in trust for the
registered holders of ACE Securities Corp.
Home Equity Loan Trust, Series 2004-OP1,
Asset Backed Pass-Through Certificates.**

Option One Mortgage Corporation
A California Corporation

By: _____
     Suzette Muir

     Assistant Secretary

Page 1 of 1                                                              USD3050.wp (03-14-03)